## Mauk's Estate.

*Appeals—Nonsuit—Defective paper-book.*

An appeal from a decree overruling exceptions to an auditor's report will be quashed where the appellant has failed to print the exceptions to the auditor's report, the requests for findings of facts presented by the appellee, the argument of the auditor in support of his report, and a large amount of testimony important to the proper understanding of the case.

Motion for judgment of nonsuit.   S. C. January T., 1900. No. 15.

The petition in support of the motion was as follows:

The petition of Mrs. Sarah A. Mauk, the widow of Thomas Mauk, deceased, and appellee in the above stated case respectfully represents that the said appellant has not printed in her paper-book a large part of the evidence adduced before the learned auditor and the court below and contained in the record and also important parts of the pleadings which are essential to a proper understanding of the matters at issue before the learned auditor and the court below and upon which they decided the case.   These omissions, inter alia, are as follows:

1. Rule 57 of the rules of court of Cumberland county provides that the auditor's report shall contain: (*a*) Findings of facts; (*b*) conclusions of law.   And the auditor must file with his report an appendix containing (*a*) exceptions to report; (*b*) evidence and minutes of proceedings before him; (*c*) the argument in support of his report.   The appellant has not printed (*a*) the exceptions to the auditor's report filed by the appellee and which were overruled by the auditor and the court below; (*b*) the requests for the findings of fact presented by the appellee to the auditor and his rulings thereon; (*c*) the argument of the auditor in support of his report.   Without these matters which are thus omitted, this court cannot ascertain upon what the case was decided by the court below because the court below passed upon the whole case on the exceptions by both sides and practically adopted as its opinion that of the learned auditor.

2. The appellant has also omitted from her paper-book prac-

tically all of the evidence adduced by the appellee contained on pages 1, 2 and 3 of the typewritten record and a call made by the appellee on page 6 and all the evidence on pages 12 and 13 and six pages of letters beginning on page 20; also all the testimony of Sarah A. Mauk, the widow and appellee, extending from pages 22 to 29 in relation to the execution of the alleged antenuptial contract.

The omission of the appellant to print, that is particularly unfair and unjustifiable, is that of the testimony of Mrs. Mauk from pages 59 to 65 wherein she was called to contradict the testimony of Charles Mauk, Thomas Mauk and others who were called to prove conversations between them and Mrs. Mauk after her husband's death. While the testimony of all these witnesses for the appellant is printed and commented on that of Mrs. Mauk is entirely omitted.

The typewritten record also shows on page 43 that the appellant's counsel called on the appellee for all the letters written by the decedent, and the response shows that all these letters, more than seventy in number, were produced before the auditor and handed to the appellant's counsel. This call and response are omitted from appellant's paper-book.

The petitioner further represents that Rule 30 of this honorable court provides that when the appellant is in default in these matters he may be nonsuited on motion. The appellee, therefore, respectfully moves your honorable court that a judgment of nonsuit may be granted in this case for the reasons above set forth.

*F. E. Beltzhoover*, in support of motion, cited Wilson v. Keller, 195 Pa. 98, Bradley v. Vernon, 166 Pa. 603, Silliman v. Kuhn, 142 Pa. 461, Brooks v. First Presbyterian Church, 135 Pa. 137, Smith v. Arsenal Bank, 104 Pa. 518, McCandless v. Young, 96 Pa. 293, O'Donnell v. Allegheny R. R. Co., 50 Pa. 490, and In re Incorporation of La Plume as a Boro., 18 W. N. C. 82.

PER CURIAM, April 24, 1900:
Nonsuit granted for the same reasons stated in No. 420, January term., 1899.